IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| BASIL T. KELLEY, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-480-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| RONALD BLESSING and BEVELED EDGE MACHINES, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Scott D. Eads
Kevin M. Sali
Perkins Coie, LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128

      Attorneys for Plaintiff

Carl D. Crowell
Michelle L. H. Ing
Crowell Ing, LLP
P.O. Box 923
Salem, Oregon 97308-0923

      Attorneys for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Before the court is the Motion for Attorney Fees (#59) filed by defendants Ronald Blessing and Beveled Edge Machines, Inc. For the reasons set forth below, I deny the motion.

## BACKGROUND

Plaintiff Basil L. Kelley filed a Complaint alleging patent infringement on April 7, 2006. Plaintiff owns a patent entitled "Method for Making Corners for Laminate and Veneer" ("the '585 Patent") and, in his Complaint, plaintiff alleged defendants infringed on the patent by making, using, selling, and offering to sell equipment and services for making countertops in a manner covered by one or more claims of the patent.

According to plaintiff, he described the method covered by the '585 Patent when exploring a business relationship with Blessing, one of the defendants, in 1998. Since that time, plaintiff learned that Blessing had been practicing the method described in the '585 Patent. According to plaintiff, Blessing called plaintiff in 2001 and told him he had created a machine that would manufacture GEM-LOC, the trademarked term used by plaintiff's company to refer to countertop edge pieces made using the method claimed in the '585 Patent. Blessing asked for money to keep the machine off the market, and said that if he were not paid he would begin marketing the machine.

Additionally, according to plaintiff, defendants have repeatedly claimed in the marketplace that their machine can be used to make GEM-LOC. On numerous occasions at trade shows, plaintiff has been approached by attendees claiming that defendants' representatives instructed them to visit plaintiff's booth to see the products that defendants can make. Multiple customers have informed plaintiff that Blessing has contacted them regarding a machine that can be used to manufacture plaintiff's patented GEM-LOC product.

Page 2 - OPINION AND ORDER

On March 15, 2007, defendants filed a Motion for Partial Summary Judgment on the matter of inducement to infringe. The parties extended the briefing schedule so that plaintiff could obtain the deposition of Blessing.

After a number of requested extensions, on the date plaintiff's response was due, plaintiff executed a covenant not to sue divesting the court of subject matter jurisdiction over defendants' declaratory judgment counterclaim, and moved to dismiss his own action pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff explained that the value of the case was not sufficient to justify the cost, and the evidence required to prove the infringement was costly and difficult to obtain. Plaintiff learned of these challenges after deposing Blessing.

Judgment was entered on July 2, 2007, dismissing the case with prejudice.

## DISCUSSION

Defendants move for attorney fees on two separate grounds: 28 U.S.C. § 285 and Federal Rule of Civil Procedure 11(b)(3).

I.  <u>35 U.S.C. § 285</u>

In patent infringement cases, reasonable attorney fees may be awarded in "exceptional circumstances" to the "prevailing party." 35 U.S.C. § 285. Plaintiff does not appear to dispute that defendants are the prevailing parties, but he does contend that this case does not present extraordinary circumstances warranting an award of attorney fees.

Defendants premise their motion on their belief that plaintiff's lawsuit was frivolous, was not properly investigated, and that counsel engaged in discovery abuses.

Defendants first contend that plaintiff had no evidence supporting his Complaint. For example, in support of his claim of inducement to infringe, plaintiff gave defendants a declaration from Robbie Paul Novak, a third party who has never met Blessing, who claimed to

Page 3 - OPINION AND ORDER

have had a discussion with Blessing about GEM-LOC. To refute this evidence, and in support of their Partial Motion for Summary Judgment, defendants submitted a declaration from Blessing, attaching his phone records, disputing that Blessing ever made a call to Novak during the time in question.

In support of his opposition to the Motion for Attorney Fees, however, plaintiff provides three additional declarations attesting to conversations in which Blessing or representatives from Bevel Edge Machine stated that the defendants' machine made GEM-LOC. Plaintiff explains that it was reports like these that motivated his lawsuit. Plaintiff also explains how he was limited in investigating the facts prior to filing suit–no written instructions about the machine's method existed. Accordingly, I conclude plaintiff filed his lawsuit in good faith. Additionally, I find plaintiff acted quickly upon recognizing the challenges in proving his case. He moved to voluntarily dismiss his action upon the heels of deposing Blessing.

In sum, defendants fail to meet their burden of showing "extraordinary circumstances" warranting attorney fees, and their motion is denied.

II.     Rule 11

Rule 11 provides for sanctions in the event a party has submitted a pleading or motion for an "improper purpose," or that contains frivolous arguments or unsupported factual contentions. Fed. R. Civ. P. 11(b)(1)-(4). The party seeking sanctions must serve the Rule 11 motion on the offending party at least 21 days before the motion is filed with the court, in order to allow the offending party to correct its behavior. Fed. R. Civ. P. 11(c)(1)(A).

Defendants neglected to send their Rule 11 motion to plaintiff in advance of filing their Motion for Attorney Fees with the court. Even absent this procedural bar, as explained above, I conclude that plaintiff's lawsuit was adequately investigated and brought in good faith.

Page 4 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, the defendants' Motion for Attorney Fees (#59) is denied.

IT IS SO ORDERED.

Dated this ___10th___ day of August, 2007.

                                                   /s/ Garr M. King
                                                 Garr M. King
                                                 United States District Judge